# STEPTOE & JOHNSON LLP
## ATTORNEYS AT LAW

Evan Glassman
212.506.3909
eglassman@steptoe.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/08

RECEIVED
MAR 19 2008
JUDGE SWEET CHAMBERS

750 Seventh Avenue
19th Floor
New York, NY 10019
Tel 212.506.3900
Fax 212.506.3950
eglassman@steptoe.com

March 19, 2008

So ordered
Sweet USDJ
3·20·08

**Via Hand Delivery**

Hon. Robert W. Sweet, U.S.D.J.
United States District Court,
 Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *Krepps v. Reiner, et al.;* S.D.N.Y. Docket No. 07 CV 9884 (RWS)(GWG)

Dear Judge Sweet:

      This firm represents three Defendants in the above case, the French graduate school of business Insead, New York-based Insead North America, Inc. *s/h/a* Insead North America ("Insead NA") and Insead's long-time outside counsel, Michael C. Miller, Esq. (collectively, the "Insead Defendants").

      We are writing to obtain the Court's assistance in two matters. *First,* the Insead Defendants seek a unified and reasonable response date to Plaintiff's Amended Complaint, first filed with the Court on February 25, 2008. Prior to involving the Court in this connection, we attempted to reach – and in fact did enter into – an agreement with *Pro Se* Plaintiff Mr. Krepps. The terms of this agreement are memorialized in a [Proposed] Order and Stipulation (annexed as "Exhibit A") and in an email exchange between Counsel and Mr. Krepps (annexed as "Exhibit B"). However, several days after agreeing to this schedule Mr. Krepps reneged and conditioned his consent upon new, inappropriate and unacceptable terms, *i.e.,* that Defendants consent to: "plaintiff's right to discovery and supplemental submission prior to entry of an order of dismissal, consistent with Judge Sweet's practice in the case captioned 05CV0107," or alternatively other discovery-related demands that are facially inappropriate and untenable, particularly within the context of this lawsuit as more fully set forth below.[1] (The email exchanges evidencing Mr. Krepps' later demands are annexed collectively as "Exhibit C.")

---

[1] Mr. Krepps justifies in part his current posture by claiming reliance on the Court's March 12, 2008 Pretrial Conference Order, which he first disclosed to Counsel on March 18, 2008. Mr. Krepps contends, among other things, that the Court's Order provides him with, *inter alia,* immediate discovery rights.