# STEPTOE & JOHNSON LLP
ATTORNEYS AT LAW

Evan Glassman
212.506.3909
eglassman@steptoe.com

750 Seventh Avenue
19th Floor
New York, NY 10019
Tel 212.506.3900
Fax 212.506.3950
steptoe.com





March 19, 2008

*Via Hand Delivery*

Hon. Robert W. Sweet, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re: *Krepps v. Reiner, et al.;* S.D.N.Y. Docket No. 07 CV 7604 (RWS)(GWG)

Dear Judge Sweet:

This firm represents three Defendants in the above case, the French graduate school of business Insead, New York-based Insead North America, Inc. *s/h/a* Insead North America ("Insead NA") and Insead's long-time outside counsel, Michael C. Miller, Esq. (collectively, the "Insead Defendants").

We are writing to obtain the Court's assistance in two matters. *First,* the Insead Defendants seek a unified and reasonable response date to Plaintiff's Amended Complaint, first filed with the Court on February 25, 2008. Prior to involving the Court in this connection, we attempted to reach – and in fact did enter into – an agreement with *Pro Se* Plaintiff Mr. Krepps. The terms of this agreement are memorialized in a [Proposed] Order and Stipulation (annexed as "Exhibit A") and in an email exchange between Counsel and Mr. Krepps (annexed as "Exhibit B"). However, several days after agreeing to this schedule Mr. Krepps reneged and conditioned his consent upon new, inappropriate and unacceptable terms, *i.e.*, that Defendants consent to: "plaintiff's right to discovery and supplemental submission prior to entry of an order of dismissal, consistent with Judge Sweet's practice in the case captioned 05CV0107," or alternatively other discovery-related demands that are facially inappropriate and untenable, particularly within the context of this lawsuit as more fully set forth below.[1] (The email exchanges evidencing Mr. Krepps' later demands are annexed collectively as "Exhibit C.")

---

[1] Mr. Krepps justifies in part his current posture by claiming reliance on the Court's March 12, 2008 Pretrial Conference Order, which he first disclosed to Counsel on March 18, 2008. Mr. Krepps contends, among other things, that the Court's Order provides him with, *inter alia,* immediate discovery rights.

STEPTOE & JOHNSON LLP

Hon. Robert W. Sweet, U.S.D.J.
March 19, 2007
Page 2

While Counsel is still investigating the circumstances of Mr. Krepps' efforts to serve his Summons and Amended Complaint on the Insead Defendants, we understand that he served his papers on Insead NA's New York offices on March 3, 2008, which would under the Federal Rules require this Defendant to respond by March 24, 2008; and that Mr. Krepps arranged for Mr. Miller to be personally served on March 10, 2008, which would in turn give rise to a March 31, 2008 response date. There is no evidence that Mr. Krepps served Insead pursuant to the provisions of the Hague Convention as he is required.

Based on the foregoing and, *inter alia,* the Insead Defendants' desire to respond to Mr. Krepps' most recent Complaint in a unified and efficient manner, Counsel proposed and Mr. Krepps agreed to adjourn the Insead Defendants' initial response date to April 9, 2008, on the condition that Mr. Miller agree to waive any defense based on personal service. Mr. Miller agreed to this condition, and Mr. Krepps promised to execute and return to Counsel the [Proposed] Order and Stipulation.

The parties' agreement also contemplated that, in the event Insead files a motion to dismiss, Mr. Krepps would have until April 30, 2008 to file his opposition; and that Insead would have until May 14, 2008 to file reply papers if necessary. This schedule is by any measure eminently reasonable, and we respectfully ask that the Court issue an Order to confirm the parties' original agreement, notwithstanding Mr. Krepps' current position.

The Insead Defendants also request by this letter a brief adjournment of the Court's now-scheduled April 2, 2008 conference about which we first learned late yesterday afternoon from Mr. Krepps and only after he apparently made plans to travel to New York to attend. As we explained to Mr. Krepps, we believe that the timing of the conference is, *inter alia,* premature as a substantive matter, prior to Defendants' completion of their investigation of Mr. Krepps' latest pleading, consultation with French law experts and as a logistical matter, because Counsel has had long-standing plans to be out of town during the conference only two weeks away.

Mr. Krepps refused to consent to our request, without offering any legitimate justification, so we once again respectfully seek the Court's intervention. Specifically, we request that the conference be adjourned until April 23, 2008, or to a date thereafter that is convenient for the Court and the parties.

### Background of the Krepps Litigation

When considering Defendants' above requests, we respectfully ask the Court to consider that Insead and now Insead NA[2] and their counsel, Mr. Miller[3] have had to endure a seven-year campaign of

---

[2] Mr. Krepps does not assert a single specific claim concerning any action by Insead NA in his Amended Complaint, but refers to Insead and Insead NA collectively as the same entity. Mr. Krepps has never had any relationship with Insead NA, which opened its offices in New York in the fall of 2007. It is no mystery that he has named the entity solely in an effort to obtain jurisdiction in this Court. Insead NA does not belong in this action.

STEPTOE & JOHNSON LLP

Hon. Robert W. Sweet, U.S.D.J.
March 19, 2007
Page 3

vexatious litigation waged by Mr. Krepps. As the Court may know, this lawsuit is actually the fifth Mr. Krepps has initiated against Insead since 2001 relating to the same factual issues concerning Mr. Krepps' 1997 employment by Insead in France and his limited participation in the development of on-line course materials (collectively, the "Krepps' Litigation"). This is the fourth action Mr. Krepps has brought in his own name, *i.e.*, "*Krepps IV.*"

As Your Honor may recall, in Mr. Krepps' first action, *The Economist's Advocate, LLC v. Cognitive Arts Corp.*, 01 Civ. 9468 (RWS) (S.D.N.Y) (the "*EA Action*"), he sued Insead through his alter ego corporate entity The Economist's Advocate, LLC ("EA") and won a jury verdict on his claim for quantum meruit, *i.e.*, compensation for EA's contribution to certain on-line course materials for $250,000.00 plus interest. This verdict was based on Krepps' testimony, and the arguments of his trial counsel, that Krepps owned EA and that Krepps and his team helped develop Insead's course materials through EA.

Following that case, Mr. Krepps acting as EA, entered into an agreement with Insead that settled the parties' disputes (the "Stipulation and Order"; a copy of which is annexed as "Exhibit D"). The Stipulation and Order required the parties, including EA, to "waive their rights to appeal or otherwise challenge any portion of the Opinion in this action dated November 22, 2004[4] ..., the Judgment in this action dated December 6, 2004 ..., and any other decision or order in this action...." Notwithstanding the Stipulation, and despite Mr. Krepps' sworn testimony during the trial of the *EA Action*, Mr. Krepps has continued to seek compensation for his purported individual participation in the creation of the subject course materials as if that contribution were somehow separate from the contribution purportedly provided by EA.

---

[3] Mr. Miller served as Insead's lead counsel in the *EA Action* (which was the subject of a jury trial before this Court) and the first three actions Krepps brought in his own name (each of which was dismissed following submission of motions to dismiss by Mr. Miller on behalf of Insead). Mr. Krepps' claims against Mr. Miller in this action are entirely frivolous and simply aimed at creating a tension between Mr. Miller and his long-time client, Insead, or otherwise aimed at creating a legal conflict. Mr. Krepps has failed in this effort. Insead believes that its interests here are aligned with those of Mr. Miller and in an excess of caution has specifically waived any potential conflict of interest.

In the most simple terms, Plaintiff alleges: (i) Mr. Miller tortiously interfered with Mr. Krepps' business relationships by demanding on behalf of Insead that "Mr. Krepps" not contact Insead clients in order to advance his purported claims; and (ii) Mr. Miller defamed Mr. Krepps by (a) posting on his former law firm's website a claim that the firm, of which Mr. Miller was a name partner, had obtained for Insead the dismissal of three of the Krepps lawsuits, *i.e., Krepps I, Krepps II and Krepps III*, in which Mr. Miller had served as Insead's lead counsel, even though Miller's former firm entity had appeared in only two of the actions and (b) by calling Mr. Krepps a "teacher" rather than a "professor." The claims are completely ludicrous and simply do not belong in this or any Courthouse.

[4] The Opinion read: "EA's remaining claim against Cognitive Arts for breach of contract is hereby dismissed. In accordance with the foregoing discussions and with the verdict rendered at the jury trial on this matter, the Clerk of Court is directed to enter judgment in favor of the plaintiff, The Economist's Advocat, (sic) LLC as against defendants Insead adn (sic) Insead Online in the amount of $250,000 plus statutory prejudgment interest from 10/29/01 to the date of the entry of judgment." (A copy of the Opinion is annexed as "Exhibit E.")

STEPTOE & JOHNSON LLP

Hon. Robert W. Sweet, U.S.D.J.
March 19, 2007
Page 4

Your Honor presided over and dismissed Mr. Krepps' second and third related lawsuits (*Krepps v. Insead and Reiner*, 04 Civ. 3260 (RWS) (S.D.N.Y.) ("*Krepps I*") and *Krepps v. Reiner and Insead*, 05 Civ. 00107 (RWS) (S.D.N.Y.) ("*Krepps II*"), on *forum non conveniens* grounds and lack of personal jurisdiction grounds respectively.

After Your Honor dismissed the *Krepps II* action and after Mr. Krepps lost various post-dismissal applications, he filed a fourth action in federal court in the District of Massachusetts, *Krepps v. Insead and Reiner*, 06 Civ. 10781 (RWZ) (D. Mass.) ("*Krepps III*"). Following extensive briefing by the parties, Judge Rya Zobel dismissed the *Krepps III* action for lack of personal jurisdiction.

After Mr. Krepps filed a notice of appeal with the First Circuit in *Krepps III*, Judge Zobel required Mr. Krepps to post an appellate bond in amount equal to what he then claimed equaled his entire liquid assets. Following the First Circuit's dismissal of Mr. Krepps' appeal, Insead moved for sanctions against Mr. Krepps. The Court ultimately denied Insead's application but cautioned Mr. Krepps on filing future "vexatious proceedings."

### The *Krepps IV* Complaint

The *Krepps IV* First Amended Complaint contains no less than ten (10) claims against Insead and Insead NA and Mr. Miller purporting to allege, *inter alia,* fraud, copyright infringement, libel, intentional interference with business advantage, breaches of contract, unjust enrichment, quantum meruit, constructive discharge and breach of good faith and fair dealing, reverse passing off and conversion. As in Mr. Krepps' prior actions, his claims are jumbled together and difficult to decipher, requiring Counsel to address every nuance to avoid endless motion practice. Mr. Krepps, who holds multiple Harvard degrees, continues to excuse his lack of clarity by pointing to his *pro se* status, but of course his style is a deliberate and well-calculated strategy based on years of litigation experience.

Even under the time frame previously agreed to by the parties, which is memorialized in the [Proposed] Order and Stipulation that Mr. Krepps now refuses to sign there is only limited time for the Insead Defendants to respond to the Complaint. Among other issues, Counsel is in the process of engaging foreign law experts who need to participate in Defendants' response on issues including Mr. Krepps' purported claims for copyright infringement. Indeed, as Mr. Krepps knows, his cause of action for purported copyright infringement is by contractual agreement with Insead subject to French law.

In this same connection, Counsel has begun, but has not completed, its investigation of Insead's sales of the course materials that are the subject of this fifth lawsuit by Mr. Krepps. We need to continue to work with witnesses and data available in France and review, *inter alia,* French intellectual property registrations (as well as Mr. Krepps' purported registrations in the United States). Counsel simply cannot accomplish this work and prepare papers for Monday, which would in any event require numerous lawyers and staff members to cancel Easter vacation and family plans following Mr. Krepps'

STEPTOE & JOHNSON LLP

Hon. Robert W. Sweet, U.S.D.J.
March 19, 2007
Page 5

backpedaling. We raised this issue with Mr. Krepps as a matter of basic courtesy, but he declined on this basis too to return to his original position.

Accordingly, based on the foregoing, we respectfully ask that the Court issue an Order recognizing the briefing schedule previously agreed to by the parties in this matter, *i.e.*, that Defendants' responses are due by April 9, 2008, opposition papers – if necessary – are due by April 30, 2008 and reply papers – if necessary – are due by May 14, 2008.

Finally, we also respectfully request that the now-scheduled April 2, 2008 conference be adjourned until April 23, 2008.

Thank you in advance for your consideration.

Respectfully submitted,

Evan Glassman

Enclosure

cc: Matthew B. Krepps
    Edward Reiner
    *via electronic mail*